AARON PENDLEBURG *v.* MARGARET G. MEADE, impleaded, &c.

The claimant, under the mechanics' lien law of 1851, must show, *before he can have a judgment*, that work has been done for which the owner is actually liable, according to the terms of his *contract* with his contractor for the erection of the building.

A lien may be acquired which will be effectual to reach money which does not become *payable* until *after* the filing of the notice ; but the owner cannot be required to make *payment until* the moneys become payable.

Whether, when the owner himself institutes the proceeding by compelling the claimant to proceed and foreclose, such owner can be permitted to defeat the claim by showing, that although the money is earned or the work is in progress, the *day* of payment has not arrived ; *quere ?* (a)

SPECIAL TERM, MAY, 1854.

Before WOODRUFF, J. ; all the members of the court concurring.

DEMURRER to the complaint in a proceeding by a sub-contractor, under the mechanics' lien law of 1851. The plaintiff set out the usual steps to create and foreclose his lien, and claimed to recover from the owner for labor performed, in conformity with a contract with him, and pursuant to an agreement with the contractor, for the erection of the building, which was described. The ground assigned for the demurrer was, that the complaint did not state facts sufficient to constitute a cause of action, and that it was defective in containing no allegation, either that there was any thing due from the owner to the contractor when the lien was filed, or that any thing had been, or become due, from the former to the latter subsequently.

*John E. Develin*, for the owner.

*Wm. C. Hornfanger*, for the claimant.

WOODRUFF, J.—The question raised by the demurrer in this

(a) See *Miller* v. *Moore, post.*

case was in substance decided in *Sullivan* v. *Brewster*, &c., *ante*, p. 681, and in *Doughty* v. *Devlin*, *ante*, p. 625.

The claimant must show, *before he can have a judgment*, that work has been done for which the owner is actually liable, according to the terms of his *contract* with his contractor, for the erection of the building. No doubt, a lien may be acquired which will be effectual to reach money which does not become *payable* until *after* the filing of the notice; but the owner cannot be required to make *payment until* the moneys become payable.

Whether, when the owner himself institutes the proceedings, by compelling the claimant to proceed and foreclose, such owner can be permitted to defeat the claim by showing, that although the money is earned, or the work is in progress, the *day* of payment has not arrived, it is not necessary now to decide. Upon that point doubt has heretofore been suggested.

The defendant must have judgment on the demurrer, unless the plaintiff amend his complaint within ten days, and pays the costs.

Ordered accordingly.